JAMES McKEEN AND APPLETON STURGIS, AS EXECUTORS, ETC., OF ANNIE S. FREEMAN, DECEASED, APPELLANTS, *v.* JAMES D. FISH, AS RECEIVER OF THE GLOBE MUTUAL LIFE INSURANCE COMPANY, RESPONDENT, AND OTHERS.

*Action for dower — consent by the widow to receive a gross sum — at what stage of the case it does not give her such a vested right as will enable her representatives to revive the action after her death — when an extra allowance should not be made.*

The plaintiffs' testatrix sought in this action to have her rights of dower determined in certain parcels of real estate described in the complaint; to have a deed and a mortgage executed by her husband declared void as to her ; to be permitted to redeem a proper proportion of such mortgages as were valid liens upon the premises, and to receive a gross sum in lieu of her dower, in case a sale should be adjudged and she should file the requisite consent, or to have a portion of the premises absolutely assigned to her. While the action was pending before a referee, the testatrix, then the plaintiff, served upon the defendant, the receiver, a consent in writing, duly executed and acknowl-edged, to receive a gross sum in lieu of her dower. Subsequently, and prior to the determination of the action, the original plaintiff died and the action was thereafter revived by her executors. The referee found that, although if the plaintiff had lived she would have been entitled to some right of dower, and that a distinct parcel could not have been admeasured to her, yet, that her agreement to accept a gross sum in lieu thereof did not give her such a vested right in the sum to be ascertained, as that the action could be carried on after her death by her representatives, and he therefore dismissed the complaint, without awarding costs to any party.

*Held,* that his decision should be affirmed.

Subsequently, upon a motion at Special Term on the part of the respondent for an extra allowance, an order was made awarding to his attorney, " an extra allowance of $750, together with costs."

*Held,* that the case was not one in which an extra allowance should have been made, and that the order should be reversed.

APPEAL from a judgment dismissing the complaint, entered on the report of a referee, and also from an order of the Special Term awarding an additional allowance to the respondent.

*Jas. McKeen*, for the appellants.

*Wingate & Cullen*, for the respondent.

DAVIS, P. J. :

The appellants' testatrix, Annie S. Freeman, as the widow of Pliny Freeman, commenced this action to have her rights of dower determined in the several parcels of land described in her complaint, and to set aside and have declared void and inoperative as against her, a certain mortgage executed by said Pliny Freeman and a deed executed by him to the Globe Mutual Life Insurance Company, and that she be permitted to redeem a proper proportion of such mortgages as are valid and subsisting liens upon the premises or to assume payment of the interest of such portions thereof, as might be equitable ; or, upon filing her consent to accept a gross sum of money in lieu of dower, to be estimated upon the net proceeds of a sale of the property, if the court shall be satisfied that a portion thereof could not under the laws of the State be set out and admeasured to her as dower without material injury, to adjudge a sale of such real estate, and that such gross sum be awarded her ; or that upon like assent a portion of said premises be absolutely assigned and apportioned to the plaintiff.

The relief sought was equitable in part. The suit, therefore, cannot be considered as an action at law, but as one in equity, the costs of which would be in the discretion of the court.

A reference was ordered, and the case proceeded to trial before the learned referee. Pending this action and before any interlocutory decree therein, Mrs. Freeman served on the respondent, and duly executed, acknowledged and caused to be filed a consent in writing to receive a gross sum in lieu of dower, etc., pursuant to the statute.

Subsequently, and while the action was still pending and prior to the determination thereof, Mrs. Freeman died, leaving a will which was duly proved wherein James McKeen and Appleton Sturges were appointed executors ; and this action was thereafter revived in their names. The trial proceeded and the referee subsequently found and reported a state of facts that would have entitled Mrs. Freeman, had she been living, to some right of dower. He also found that the situation of the premises, described in the complaint as situated in

the city of New York, were such that were Mrs. Freeman living, a distinct parcel could not be admeasured and laid out to her as tenant in dower without material injury to the parties. And as a conclusion of law he decided that the plaintiff in this action cannot recover, and that the complaint should be, and it accordingly was, dismissed without any adjudication by him as to costs. In his opinion the learned referee decided in substance that the effect of her consent, filed by the widow, to accept a gross sum in satisfaction and discharge of her right of dower, did not give her such a vested right in such an unascertained sum, that the suit could be carried on after her death by her personal representatives to ascertain the amount of and to recover such sum, on the ground that the property might never be sold; that the consent did not make a sale compulsory; and that the filing of the consent was but one step in a suit; and he held that upon the widow's death the suit abated and that her personal representatives have no standing in court to further prosecute the same.

Subsequently, upon a motion at Special Term on the part of the respondent for an extra allowance, the court made an order to the effect "that the defendant's attorney be awarded an extra allowance of $750, together with costs." The plaintiffs appealed from the judgment and from the order awarding the extra allowance.

We are of opinion that at the time of the death of the plaintiffs' testatrix, her action, notwithstanding the filing of her consent, had not reached a stage or condition in which she was entitled to claim a vested right to a gross sum of money equal to the value of her dower in the property or any part thereof. A different state of things might exist if her right of dower had been determined and the proceedings in the action had reached a stage in which the court had adjudged that a sale of the premises be made. The case would then have been in a position entitling her to have the value of her dower right ascertained and a gross sum paid to her in lieu of dower. Up to that stage her remedies for the withholding of her dower would be for her portion of the mesne profits of her husband's estate from the time of his death.

Until it has been determined whether a parcel or parcels will be set off to the widow or a sale ordered and the value of her life interest invested and paid to her after she is adjudged to be entitled

to dower, her right, beyond mesne profits, remains a mere naked and inchoate life estate and terminates on her death. We think the learned referee was, therefore, right in his conclusion that the action in this case abated by her death and that her personal representatives had no standing in court to continue the action, and the judgment in that respect should be affirmed. The referee did not award costs against the personal representatives, nor has there been at any stage of the case judgment awarded against them for costs unless it be inferred from the fact that the court, at Special Term, awarded an allowance additional to costs. Costs did not follow, of course, in this case, for the complaint discloses that it was an equitable action in which Mrs. Freeman sought various forms of relief in addition to the adjudication of her dower. She was at liberty, we think, to bring an action of that kind, for the purpose of removing clouds by fraudulent mortgages and deeds, so that her dower might be ascertained. But if costs were properly allowed against the representatives, we are very decidedly of opinion that this was not a case in which an allowance should have been imposed upon the plaintiffs.

The action was defeated by death in a case where it is manifest from the findings of the learned referee, that if Mrs. Freeman had not been deceased she would have been able to maintain to some extent the claim set forth in her complaint. The court permitted the action to revive by a special order of revivor, and certainly the representatives of her estate ought not to have been under the circumstances subjected to any additional allowance for prosecuting and presenting the question as to their right to recover upon her election to take a gross sum as provided for by the statute. The question must be considered as substantially a new one, and in our judgment it was one which called for the awarding of no additional allowance.

We think the discretion of the court was improvidently exercised, and that the order should be reversed. But the judgment entered upon the report, should be affirmed, without costs of this appeal to either party.

Brady and Daniels, JJ., concurred.

. Judgment affirmed, without costs.